**Baldwin S. MOY, Appellant,**

v.

**HOWARD UNIVERSITY, et al.**

**No. 87–7100.**

United States Court of Appeals, District of Columbia Circuit.

April 19, 1988.

Baldwin S. Moy, pro se.

Francis S. Smith, Washington, D.C., for appellee.

Before SILBERMAN, WILLIAMS and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant Baldwin S. Moy appealed a district court order granting summary judgment for appellee Howard University ("University"). The University contends that Moy's appeal is untimely. Under the relevant procedural rules, we conclude that the appeal is timely.

### I.

On September 19, 1985, Moy filed an action in the United States District Court for the District of Columbia, alleging that the University breached its employment contract with him. On October 23, 1986, the University moved for summary judgment. Moy filed no opposition. By order filed December 31, 1986, the district court granted the University's motion. Under Local Rule 108(b) the court could have treated the unopposed motion as conceded, but instead it elected to issue a decision reaching the merits of the case.

Moy then moved to vacate the district court's December 1986 order. The motion to vacate was dated January 12, 1987 and filed on January 15, 1987. Moy styled the

pleading as a Rule 60(b) motion and, in support of the relief sought, asked that the court's December 1986 order be vacated because "[t]he events which resulted in the court's ruling on defendants' motion without the benefit of the plaintiff's opposition papers may be fairly characterized as occasioned by inadvertence, mistake and/or fraud." [1] Moy alleged that the University had engaged in "dilatory tactics" which resulted in the court deciding the summary judgment motion without the benefit of Moy's opposition papers. *Id.* at 5.

By order filed April 24, 1987, the district court denied Moy's motion to vacate. On May 21, 1987, Moy noted an appeal from both the December 31, 1986 order (granting summary judgment for the University) and the April 24, 1987 order (denying Moy's motion to vacate the earlier order). On July 27, 1987, the University filed the pending motion to dismiss Moy's appeal.

## II.

Under Fed.R.App.P. 4(a)(1), "the notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from." Under Rule 4(a)(4), that 30–day time frame is tolled by the filing of certain post-judgment motions. Specifically, "[i]f a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iii) under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion." Fed.R.App.P. 4(a)(4)(iii). On the other hand, Fed.R.App.P. 4(a)(4) does not include as one of the motions that tolls the 30–day time limit a Rule 60 motion for relief from judgment.

A Rule 59(e) motion to alter or amend the judgment, which does toll the 30–day time

to appeal, "shall be served no later than 10 days after entry of the judgment." Fed.R. Civ.P. 59(e). By contrast, a Rule 60(b) motion for relief from a judgment or order "shall be made within a reasonable time" and, where the relief is requested for certain enumerated reasons, shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).

■ In support of its motion to dismiss the instant appeal, the University contends that Moy's notice of appeal was untimely filed. If the motion to vacate were viewed as a Rule 60(b) motion, as Moy styled it, rather than as a Rule 59(e) motion, then Moy would have had 30 days from December 31, 1986, within which to note his appeal. Were that the case, Moy's May 21, 1987 notice of appeal surely would have to be dismissed as untimely. However, if we construe Moy's motion to vacate as a Rule 59(e) motion, then that motion would be timely,[2] as would his May 21, 1987 notice of appeal.[3]

## III.

Under the case law of this circuit, "regardless of the way a caption characterizes a motion, a post-judgment filing challenging the correctness of the judgment falls within Rule 59(e)'s perimeter." *Nichols v. Board of Trustees of the Asbestos Workers Local 24 Pension Plan et al.,* 835 F.2d 881, 887 (D.C.Cir.1987). While the particular label given to such a motion is of no consequence, the cases to date have sought to address both the substance of the filing, and the all-important timing of the filing. *See, e.g., Nichols,* 835 F.2d at 887–88; *Emory v. Secretary of the Navy,* 819 F.2d 291, 293 (D.C.Cir.1987) (per curiam); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 204.12[1] (2d ed. 1985).

---

**1.** Plaintiff's Statement of Points and Authorities in Support of Motion to Vacate at 3 (Appendix E to Plaintiff/Appellant's Opposition to Appellees/Defendants' Motion to Dismiss).

**2.** Moy's motion to vacate was mailed and, under Fed.R.Civ.P. 5(b), served, on Monday, January 12, 1987, *i.e.,* within 10 days of the December 31st entry of judgment. *See* Fed.R.Civ.P. 6(a).

**3.** By properly construing the controverted pleading as a Rule 59(e) motion, Moy therefore had 30 days from the April 24, 1987 order (denying his motion to vacate) within which to file his notice of appeal.

In the instant case, however, we take one further step; we now hold that the timing of the filing, without more, determines whether it tolls the time limit on filing an appeal. Thus, if a post-judgment motion that properly[4] could be construed as a Rule 59(e) motion satisfies the 10–day service requirement, it is to be treated as a Rule 59(e) motion for tolling purposes.

Accordingly, the University's motion to dismiss the appeal of the district court's order granting summary judgment is denied. It is

*So ordered.*

---

**4.** *See, e.g., Buchanan v. Stanships, Inc.,* —— U.S. ——, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988), *granting cert. and summarily reversing* 744 F.2d 1070 (5th Cir.1984) (where the Court concluded that a motion for costs, inaccurately styled as a Rule 59 motion, cannot be viewed properly as seeking "to alter or amend the judgment" within the meaning of Rule 59(e)).