**Thanh Vong HOAI, et al., Appellants,**

v.

**Thanh Van VO, et al., Appellees.**

**No. 90–7170.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 13, 1991.

Decided June 11, 1991.

Rehearing En Banc
Denied Aug. 6, 1991.

Laurence A. Elgin, with whom John D. Hemenway was on the brief, Washington, D.C., for appellants.

J. Gordon Forester, Jr., with whom Stephen H. Abraham was on the brief, Washington, D.C., for appellees Sun Refining and Marketing Co., J. Gordon Forester, Jr., Jeffrey Wagner and Joseph D. Zulli.

Brian P. Maschler, of the bar of the Supreme Court of California, pro hac vice, by special leave of the court, with whom Francis X. Markey was on the brief, Washington, D.C., for appellees Jones, Day, Reaves & Pogue, Millard F. Ottman, Jr., and David C. Roseman.

Robert J. Pleshaw, Washington, D.C. entered an appearance for appellee Thanh Van Vo.

Before EDWARDS, BUCKLEY and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This case arises from the claim of the appellants, Thanh Vong Hoai, David Hemenway and John Hemenway, that they were deprived of their civil rights in violation of 42 U.S.C. § 1983 (1988) and 42 U.S.C. § 1985 (1988) during the course of prior litigation involving Mr. Hoai's right to operate a gas station franchise. Named as defendants in the appellants' suit are Thanh Van Vo, competing claimant to the franchise, Sun Refining and Marketing Company ("Sunoco"), owner of the franchise, and attorneys representing them, including the law firm of Jones, Day, Reavis and Pogue ("Jones, Day") (collectively, the "appellees"). The District Court dismissed the appellants' case for failure to state a claim upon which relief can be granted. *See Hoai v. Vo*, Civ. Action No. 89–2397 (D.D.C. Oct. 2, 1990), *reprinted in* Joint Appendix ("J.A.") 778.

We agree with the District Court that the appellants' civil rights claim is fatally flawed. Specifically, the appellants' complaint alleges no facts to support a finding that the appellees, all private parties, acted "under color of" law for purposes of section 1983. Nor do the appellants allege the existence of a conspiracy motivated by a class-based, invidiously discriminatory animus, as required by section 1985(3). Accordingly, we affirm the District Court dismissal of the action.

## I. BACKGROUND

This case arises from a long-standing, and thoroughly litigated, dispute between Hoai and Vo over the right to a Sunoco gas station franchise located in Washington, D.C. The merits of that dispute are not now before the court. Rather, the appellants' civil rights claim focuses on the conduct of the appellees during previous litigation involving the franchise. The course of the relevant legal proceedings is therefore charted briefly below.

In August 1986, Vo initiated legal action in connection with the franchise by filing suit against Hoai and Sunoco in the Superior Court of the District of Columbia ("D.C." or "District"). Also named as defendants were John Hemenway, who had been acting as Hoai's attorney, and his son, David Hemenway, who had been acting as Hoai's agent. Vo was represented before the D.C. Superior Court by attorneys from Jones, Day.

In essence, Vo alleged that Hoai first transferred the Sunoco franchise to him and then, with the aid of the Hemenways, wrongfully evicted him from the gas station. *See* Amended Verified Complaint, *reprinted in* J.A. 138. In response, Hoai claimed that he was the rightful owner of the franchise, and that he had signed his interest over to Vo only under duress, including threats of violence. *See* Answer, Counter–Claim and Third Party Claims, *reprinted in* J.A. 164. After holding an evidentiary hearing, the Superior Court granted Vo's motion for a temporary restraining order ("TRO") reinstating Vo in the gas station, removing Hoai from the station, and directing Sunoco to continue supplying the station with gasoline. *See Vo v. Hoai*, Civ. Action No. 7075–86 (D.C.Sup.Ct. Aug. 29, 1986), *reprinted in* J.A. 82.

On September 8, 1986, the Superior Court accepted a voluntary consent agreement between Vo and Sunoco, pursuant to which the terms of the TRO as to Vo and

Sunoco were extended for up to an additional seven months, or until there was a prior resolution of the dispute between Vo and Hoai. *See Vo v. Hoai,* Civ. Action No. 7075–86 (D.C.Sup.Ct. Sept. 8, 1986), *reprinted in* J.A. 85. The consent order was negotiated by Vo's attorneys and by attorneys representing Sunoco. Hoai and his counsel were not notified of the consent agreement until after it was accepted by the court.

Hoai appealed the Superior Court's acceptance of the consent agreement; however, while this appeal was still pending, the consent agreement expired on March 31, 1987, and the D.C. Court of Appeals subsequently ruled the appeal moot. The case was then remanded to the Superior Court for a trial on the merits of Vo's claim against Hoai. *See Hoai v. Vo,* No. 86–1323 (D.C. Mar. 4, 1988), *reprinted in* J.A. 162. The case before the Superior Court, which was stayed on the motion of Hoai while he pursued several related suits, is still pending.[1]

In August 1989, Hoai and the Hemenways filed the civil rights action underlying this appeal. At the heart of the appellants' claim are alleged abuses of the D.C. Superior Court process by Vo, Sunoco and their respective attorneys. In essence, the appellants allege that they were deprived of their civil rights in violation of sections 1983 and 1985 when the appellees lied to the court in order to obtain the initial TRO and then impermissibly excluded Hoai and his attorney from proceedings resulting in an extension of that TRO. *See* Complaint, *reprinted in* J.A. 1.

On October 2, 1990, the District Court dismissed the action, holding that the appellants had failed to allege facts sufficient to support either a finding that the appellees acted under color of law for purposes of section 1983, or a finding that they acted with a class-based, invidiously discriminatory animus as required by section 1985(3). *See Hoai,* mem. op. at 3–7, *reprinted in* J.A. 780–84. In response to outstanding motions for sanctions filed by some of the appellees, the District Court also ordered the appellants to show cause why sanctions should not be imposed. *See id.* at 7–8, *reprinted in* J.A. 784–85.

On November 1, 1990, the appellants filed with the District Court both notice of appeal of the October 2 order and, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a motion for reconsideration and correction of the order. *See* Rule 60(b) Motion of Plaintiffs, *reprinted in* J.A. 981. On December 28, 1990, two months after the notice of appeal had been filed, the appellants moved to amend their complaint, in part by adding several new causes of action. *See* Plaintiffs' Motion to Amend, *Hoai,* Civ. Action No. 89–2397 (filed Dec. 28, 1990). The District Court heard argument on the appellants' motions, as well as on the question of sanctions, on February 1, 1991. No rulings had issued as of May 13, 1991, the date of oral argument in this appeal.

## II. ANALYSIS

### A. *Appellate Review*

We begin by addressing the question, raised for the first time at oral argument, whether the Rule 60(b) motion for reconsideration pending before the District Court bars appellate review of the order dismissing the appellants' action. We find that it does not. It is true that some post-trial motions, including a timely motion to amend or alter a judgment under

---

1. Among the avenues of litigation pursued by Hoai was a RICO suit filed against Vo and others in the United States District Court for the Eastern District of Virginia. That court dismissed Hoai's action in July 1987. *See Hoai v. Vo,* Civ. Action No. 87–0294 (E.D.Va. July 2, 1987), *reprinted in* J.A. 380. Hoai also sued Sunoco in the United States District Court for the District of Columbia, alleging that the termination of his franchise violated the Federal Petroleum Marketing Practices Act ("PMPA"). Af-

ter this court reversed a District Court decision to stay the action pending resolution of the Superior Court proceedings, *see Hoai v. Sun Refining & Marketing Co.,* 866 F.2d 1515 (D.C. Cir.1989), the District Court granted Hoai's motion for summary judgment as to liability. *See Hoai v. Sun Refining & Marketing Co.,* Civ. Action No. 87–2456 (D.D.C. Oct. 1, 1990). The damages portion of the PMPA action is now pending.

Rule 59(e),[2] render ineffective any notice of appeal filed before their disposition. *See* FED.R.APP.P. 4(a)(4); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). A Rule 60(b) motion for relief from judgment is not, however, among the post-trial motions that operate to preclude appellate review during their pendency. *See* FED.R.APP.P. 4(a)(4).[3]

■ Therefore, the pendency of the appellants' Rule 60(b) motion in no way affects our jurisdiction over this case. Rather, when both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted. *See Reuber v. United States*, 750 F.2d 1039, 1051 n. 16 (D.C.Cir.1984) (as amended Jan. 23, 1985); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 n. 22 (D.C.Cir.1971), *cert. denied*, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972). Here, the District Court has not indicated any willingness to grant the appellants' motion, and remand is thus unwarranted.

Accordingly, we reach the merits of the case before us. Our review is, of course, limited to the District Court dismissal order of October 2, 1990, the judgment from which appeal was taken on November 1, 1990. *See* Notice of Appeal, *Hoai*, Civ. Action No. 89–2397 (filed Nov. 1, 1990). The appellants' motion to amend, filed after issuance of the judgment and notice of appeal, is not before this court.

**2.** FED.R.CIV.P. 59(e).

**3.** Nor may we bring the appellants' motion within the ambit of Rule 4(a)(4) of the Federal Rules of Appellate Procedure by construing it as one to amend or alter a judgment under Rule 59(e). A post-judgment motion challenging the correctness of a trial court judgment may be treated as a Rule 59(e) motion only when it is filed within the time limits prescribed by Rule 59(e). *See Moy v. Howard Univ.*, 843 F.2d 1504, 1505–06 (D.C.Cir.1988). Because the Rule 60(b) motion

### B. *Section 1983*

Count I of the appellants' complaint alleges a violation of section 1983, which holds liable

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, [another person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted "under color of" the law of a state, territory or the District of Columbia. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). We agree with the District Court that the second part of this standard is not satisfied by the factual allegations of the appellants in this case.[4]

The essence of the appellants' complaint is that Vo, Sunoco and their lawyers wrongfully deprived Hoai of his interest in the gas station franchise "under color and authority" of the District of Columbia Superior Court. *See* Complaint at ¶ 33, *reprinted in* J.A. 12. The factual picture painted by the complaint is one in which the appellees lied to the court and advanced an "erroneous and illegal theory of law" in order to obtain the original TRO, and then impermissibly extended the TRO by consent agreement without first notifying Hoai and his attorney. *See id.* at ¶¶ 32–33, 27, *reprinted in* J.A. 11–12, 9. The complaint asserts that the Superior Court, an "unwitting" party to the actions com-

in this case was not filed within 10 days of judgment, we are obliged to treat the motion pursuant to the dictates of Rule 60(b), and Rule 4(a)(4)'s limit on appellate review is inapplicable.

**4.** Because we are in agreement with the District Court on this point, we do not reach the appellees' alternative argument that the appellants' complaint inadequately alleges deprivation of a federal right.

plained of, failed to exercise any "independent judgment" and thereby granted the TRO and accepted the consent agreement through "ineptitude and error." *See id.* at ¶¶ 43, 32, *reprinted in* J.A. 15, 11. In other words, what is alleged is an abuse of the D.C. court system by private litigants and their attorneys. *See id.* at ¶¶ 27, 45, *reprinted in* J.A. 9, 17 (alleging violations of local law and rules).

■■■ This allegation is insufficient to support a finding of action under color of law for purposes of section 1983. Private parties, like appellees here, may be deemed to have acted under color of law in two circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents. *See Adickes,* 398 U.S. at 152, 90 S.Ct. at 1605 (quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 n. 21, 102 S.Ct. 2744, 2755 n. 21, 73 L.Ed.2d 482 (1982). No conspiracy with local officials is alleged in this case. Therefore, section 1983 liability turns on whether the appellants' complaint can support a finding of "joint activity" by the appellees and the District of Columbia or its agents.[5] We find that it cannot.

■■■ It is well established that mere recourse to state or local court procedures does not by itself constitute "joint activity" with the state sufficient to subject a private party to liability under section 1983. *See, e.g., Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Crabtree v. Muchmore,* 904 F.2d 1475, 1476 (10th Cir.1990); *Jones v. Poindexter,* 903 F.2d 1006, 1010–11 (4th Cir.1990); *Tunstall v. Office of Judicial Support,* 820 F.2d 631, 634 (3d Cir.1987). *Lugar v. Edmondson Oil,* upon which the appellants

place sole reliance, in no way undermines this principle. *Lugar* does, it is true, hold that private parties may incur section 1983 liability when they use a procedurally defective state process for prejudgment attachment of property, on the theory that they "jointly participate" with the state officials who actually seize the property. *See* 457 U.S. at 941–42, 102 S.Ct. at 2755–56. At the same time, however, *Lugar* explicitly limits its analysis to "the particular context of prejudgment attachment," and cautions that "we do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law." *See id.* at 939 n. 21, 102 S.Ct. at 2755 n. 21 (internal quotation marks and citation omitted).

■■■ Rather, the "joint activity" theory of section 1983 liability continues to require, at a minimum, some overt and significant state participation in the challenged action. *See id.* at 927, 102 S.Ct. at 2748; *see also Collins v. Womancare,* 878 F.2d 1145, 1154 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 865, 107 L.Ed.2d 949 (1990) ("Joint action . . . requires a substantial degree of cooperative action."); *Kolinske v. Lubbers,* 712 F.2d 471, 479 (D.C. Cir.1983) (*Lugar* standard not satisfied absent direct governmental involvement in adoption of or adherence to private agreement). The fatal flaw in the complaint before us today is its failure to allege any such direct or meaningful state participation. Indeed, the appellants explicitly disavow the requisite cooperative action by the state or its agents, characterizing the D.C. Superior Court judge as an "unwitting" actor who exercises no independent judgment on the part of the District.[6]

Nor does the complaint identify any District rule or custom that might have facili-

---

**5.** For purposes of this analysis, the attorney appellees stand on the same legal footing as do Vo and Sunoco. An attorney does not act under color of law in her or his capacity as representative of a client in court. *See Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 449–50, 70 L.Ed.2d 509 (1981); *McCord v. Bailey,* 636 F.2d 606, 613 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). Therefore, the attorneys in this case are proper-

ly treated as private parties, and may be held liable under section 1983 only if they have engaged in "joint activity" with the District of Columbia.

**6.** The foregoing analysis is unaffected by the Supreme Court's decision in *Edmonson v. Leesville Concrete Co.,* —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), rendered after oral argument in this case. *Edmonson* holds that the

tated the private wrongs alleged. To the contrary, the complaint both implicitly and explicitly alleges that the appellees *abused* D.C. court procedures, by "illegal and unconstitutional use of the color and authority of the [D.C.] laws...." *See* Complaint at ¶ 27, *reprinted in* J.A. 9. When private parties violate state laws or rules, their actions can in no way be ascribed to the state, and they cannot be deemed to have acted "under color of" law for purposes of section 1983. *See Lugar,* 457 U.S. at 940, 102 S.Ct. at 2755.[7]

■ Conceding that the appellants' section 1983 claim is "unartfully" pleaded and seriously defective, counsel at argument directed our attention to *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957), which emphasizes the generous "notice pleading" standard of the Federal Rules of Civil Procedure. We agree, of course, that "one misstep" by counsel will not always warrant dismissal of a complaint. *See id.* at 48, 78 S.Ct. at 103. But a complete failure to allege facts that would support a finding of action under color of law is not a "misstep" within the meaning of *Conley,* and it affords valid grounds for dismissal of a section 1983 claim. We therefore affirm the District Court judgment dismissing the appellants' claim under section 1983.

## C. *Section 1985*

■ Count II of the appellants' complaint alleges a violation of section 1985(3), which prohibits conspiracies to interfere with the civil rights of individuals or classes of individuals. *See* 42 U.S.C. § 1985(3) (1988).[8] The scope of section 1985(3) is limited, however, by the condition that such conspiracies be "motivated by some class-based, invidiously discriminatory animus." *See Hobson v. Wilson,* 737 F.2d 1, 14 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). We agree with the District Court that the appellants' complaint fails to allege any facts tending to show the existence of the requisite class-based, discriminatory motivation.

■ The only discriminatory animus alleged in the appellants' complaint is targeted at a class of franchise holders: "there is an invidious discrimination against the legitimate holder of a franchise as a representative of such a class...." *See* Complaint at ¶ 49, *reprinted in* J.A. 20. But it is clear that the kind of class-based animus contemplated by section 1985(3) does not include discrimination against classes defined by economic status or activity. *See United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 838–39, 103 S.Ct. 3352, 3361–62, 77 L.Ed.2d 1049 (1983); *Hobson,* 737 F.2d at 15. Indeed, counsel for the appellants conceded at argument that the appellants' allegations are insufficient to support a finding of conspiracy actionable under section 1985(3). Therefore, we affirm the District Court dismissal of the appellants' section 1985 claim.

use of peremptory challenges by private litigants in civil cases constitutes "state action" subject to constitutional nondiscrimination requirements. At the same time, *Edmonson* reaffirms the basic principle that private use of state legal procedures does not rise to the level of state action absent "the overt, significant assistance of state officials." *See id.,* at ——, 111 S.Ct. at 2084 (citation omitted). Because the peremptory challenge system "simply could not exist" without the direct and indispensable participation of the state and, more particularly, of the judge, the Court found the requisite "significant assistance" in *Edmonson. Id.* at ———, 111 S.Ct. at 2083–85. In the instant case, by contrast, such meaningful assistance is never alleged, and *Edmonson* is therefore inapplicable.

7. The appellants attempted to cure this particular deficiency both in their brief and at oral argument, suggesting that the appellees were aided by the operation of a procedurally defective D.C. court rule allowing *ex parte* consideration of the consent agreement. Because this allegation was not raised in the complaint, however, its introduction at this late date cannot save the appellants' action. We of course express no opinion as to the validity of any District of Columbia rule.

8. In their complaint, the appellants do not specify the subsection of section 1985 upon which they rely. Like the District Court, however, we find that the complaint is properly construed as resting on section 1985(3), and could not possibly support a claim under either section 1985(1) or (2). *See Hoai,* mem. op. at 6 n. 1, *reprinted in* J.A. 783.

## D. *Leave to Amend*

As noted above, the appellants' motion to amend their complaint, filed with the District Court only after entry of the judgment at issue and after the notice of appeal, is not now before this court. At oral argument, however, counsel for the appellants suggested for the first time that the appellants are now entitled to amend their complaint to cure the deficiencies discussed herein. We disagree.

It is true that, in certain special circumstances, this court will allow amendment of inadequate complaints. *See Martin v. D.C. Metro. Police Dep't*, 812 F.2d 1425, 1436–38 (D.C.Cir.), *reh'g granted & opinion vacated in part*, 817 F.2d 144 (D.C.Cir.), *reh'g dismissed & opinion reinstated*, 824 F.2d 1240 (D.C.Cir.1987); *Hobson*, 737 F.2d at 30–31. None of those circumstances is present here. This is not a case in which a complaint's inadequacies are attributable to a new development or change in law, or to the inability of plaintiffs to gather relevant facts before discovery. *Cf. id.* Rather, the inadequacies we have identified result only from "unartful" drafting, as counsel conceded, or, at bottom, from a simple absence of facts upon which more "artful" pleading might have been based. Under such circumstances, leave to amend is not warranted.

## III. Conclusion

For the reasons set forth above, we find that the appellants have failed to allege facts sufficient to state a claim under either section 1983 or section 1985(3). Accordingly, we affirm the District Court dismissal of the case.

*So ordered.*