40 F.3d 1300
 309 U.S.App.D.C. 269, 30 Fed.R.Serv.3d 1304,
23 Media L. Rep. 1401
 Uri GELLER, Appellant,
v.
James RANDI, a/k/a Adam Jersin, a/k/a Donald, a/k/a Truth's
Bodyguard, a/k/a The Amazing Randi, a/k/a Randall James
Zwinge; Committee for the Scientific Investigation of
Claims of the Paranormal, Appellees.
 No. 93-7140.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 6, 1994.
Decided Dec. 9, 1994.
Rehearing Denied Jan. 25, 1995.
As Amended March 2, 1995.
 
 Richard W. Winelander argued the cause and filed the brief, for appellant.
 Lee Levine, argued the cause for appellees. With him on the brief was James E. Grossberg. R. Darryl Cooper entered an appearance for appellee Committee for the Scientific Investigation of Claims of the Paranormal. Michael J. Kennedy entered an appearance for appellee James Randi.
 Before WALD, SENTELLE, and ROGERS, Circuit Judges.
 Opinion for the Court filed by Circuit Judge SENTELLE.
 SENTELLE, Circuit Judge:
 
 
 1
 Appellant Uri Geller challenges the district court's award of monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") in favor of appellee Committee for the Scientific Investigation of Claims of the Paranormal. Geller contends that the district court erred when it treated a motion for Rule 11 sanctions as conceded by Geller under local rules and thus awarded sanctions. Because we hold that the district court did not abuse its discretion in sanctioning appellant under Rule 11, we affirm.
 
 I. BACKGROUND
 
 2
 Appellant Uri Geller, a citizen of Israel and a permanent resident of England, is a self-proclaimed psychic who uses his putative "powers" to accomplish such remarkable feats as reading minds or bending spoons and suspending cable-cars in mid-air with nothing but sheer mental force. Geller has built a career and reputation on attempted demonstrations of these psychic "skills," appearing on numerous television programs such as "The Tonight Show with Johnny Carson" and being featured in countless newspaper and magazine articles. Among Geller's critics is James Randi, an accomplished magician, author and lecturer, better known as "The Amazing Randi." Randi was a founding member of the Committee for the Scientific Investigation of Claims of the Paranormal ("CSICOP"), an organization dedicated to investigating, among other things, claims of psychic phenomena such as those made by Geller. Since Geller's rise to prominence in the early 1970's, Randi has set about attempting to expose various Geller feats as the fraudulent tricks of a confidence man.
 
 
 3
 In an April 9, 1991, article in the International Herald Tribune, Randi discussed Geller's claimed psychic abilities, stating that Geller "tricked even reputable scientists" with tricks that "are the kind that used to be on the back of cereal boxes when I was a kid. Apparently scientists don't eat cornflakes anymore." Based solely upon these statements, Geller filed suit against both Randi and CSICOP in United States District Court, alleging defamation, false light invasion of privacy, and tortious interference with prospective advantage. The original complaint did not attribute any specific conduct to CSICOP; however, Geller amended his complaint to allege that "Defendant Randi was acting individually on his own behalf and/or as a duly authorized actual and/or apparent agent, servant, employee and/or representative of the Defendant, CSICOP."
 
 
 4
 On January 15, 1992, eight months after Geller filed suit in district court, CSICOP filed motions for summary judgment and Rule 11 sanctions against Geller. In support of its motion for sanctions, CSICOP argued that Geller could not have reasonably believed that his complaint was well grounded in fact or warranted by law and that the complaint was filed for purposes of harassing CSICOP. Geller responded on January 29, 1992, by filing a motion for extension of time to oppose CSICOP's motions--presumably in order to give Geller additional time for discovery. The district court granted Geller's motion and ordered him to respond to CSICOP's motions by March 13, 1992. When the deadline arrived on March 13, Geller filed another motion for an extension of time until ten days after he received a transcript of a deposition of CSICOP's corporate representative conducted that day. The district court never ruled on that motion. Instead, attorneys for both parties agreed at a later deposition attended by Geller that Geller's request for a ten-day extension of time would lapse on April 29, 1992. Geller did not file a response by that date. On May 28, 1992, CSICOP filed a motion for leave to file a supplemental memorandum in support of its motions. CSICOP served this motion and the accompanying memorandum upon Geller, who again failed to respond.
 
 
 5
 After Geller failed to respond to either the summary judgment or sanctions motion, CSICOP moved on June 10, 1992, for expedited consideration of both motions. Again, CSICOP served its motion upon Geller's counsel, who neither opposed it nor took any further steps with respect to the underlying motions for summary judgment and Rule 11 sanctions. On July 2, 1992, the district court granted all of CSICOP's motions, including the Rule 11 sanctions motion, as "unopposed." Shortly thereafter, Geller filed successive motions for reconsideration, arguing that it was "inappropriate" to respond to CSICOP's motions because the district court had not ruled on its second motion for extension of time. The district court denied both motions for reconsideration, noting that its failure to rule on the second motion for extension of time did not relieve Geller's counsel of the duty to file opposition within the time required by local and federal rules. The district court explained that when Geller failed to respond to the summary judgment and sanctions motions, both motions were properly treated as conceded under D.C.Local Rule 108(b), which provides that a motion may be treated as conceded if it is not answered within 11 days of the date of service. D.D.C. R. 108(b). Because Geller had not adequately explained his failure to respond, he was not entitled to reconsideration.
 
 
 6
 After denying Geller's second motion for reconsideration on July 27, 1993, the court entered judgment against Geller in the amount of $149,000, representing fees and costs incurred by CSICOP in defending this action. Geller appeals from this entry of judgment of Rule 11 sanctions.
 
 II. DISCUSSION
 A. Jurisdiction
 
 7
 Although both parties correctly agree that this court has jurisdiction to hear this appeal, CSICOP argues that, in light of Geller's post-judgment conduct, we should decline to exercise that jurisdiction. CSICOP asserts that, since entry of judgment by the district court, Geller has neither satisfied the judgment nor posted an appropriate bond, and that he has secreted his assets abroad in an attempt to abuse judicial processes. Consequently, because Geller has allegedly flouted judicial authority, he should not be allowed to prosecute this appeal.
 
 
 8
 In support of its argument, CSICOP analogizes to the doctrine of "fugitive disentitlement," in which fugitive criminal defendants have been denied an appeal for failure to submit themselves to lawful criminal authorities. See Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (discretionary refusal by appellate court to entertain appeal of fugitive convict); In re Assets of Martin, 1 F.3d 1351, 1356 (3rd Cir.1993) ("[I]f a defendant is not willing to suffer the penalties of the crime, then an appellate court should not afford the defendant an opportunity to improve his or her position by challenging the validity of the conviction."). Relying on this "simple principle of mutuality," CSICOP argues that this court should exercise discretion not to hear Geller's appeal because he has not satisfied the lower court's sanctions judgment and has placed himself and his assets beyond the reach of the district court's authority.
 
 
 9
 Although CSICOP's argument appears to have at least facial appeal, we need not decide whether we possess the discretion supposed by CSICOP. CSICOP's argument is not truly jurisdictional; indeed, as both parties concede, this court has jurisdiction over this case under 28 U.S.C. Sec. 1291 (1988) (appeals from final orders of the district court). Because we have crossed the jurisdictional threshold, we may reach the merits of this dispute without considering appellee's invitation to decline jurisdiction in our supposed discretion; and because the merits of this case so clearly favor CSICOP, the party inviting this court to decline jurisdiction, we need not detain ourselves with CSICOP's invitation, and turn instead to the merits of Geller's appeal.[1]
 
 B. Rule 11 Sanctions
 
 10
 Although Rule 11 of the Federal Rules of Civil Procedure was revised effective December 1, 1993, the district court imposed sanctions under the pre-revision rule; thus, our review is limited to that former rule, which provided, in relevant part:
 
 
 11
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 12
 FED.R.CIV.P. 11 (1993).
 
 
 13
 In reviewing the district court's imposition of sanctions under Rule 11, our review is limited to a determination of whether the district court abused its discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). In this case, the district court imposed Rule 11 sanctions by default under Local Rule 108(b), which provides:
 
 
 14
 Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.
 
 
 15
 D.D.C. R. 108(b). The court treated the motion for sanctions as conceded when Geller failed to respond to the motion within the time period prescribed by the rule.
 
 
 16
 Geller claims that the district court abused its discretion in treating CSICOP's sanctions motion as conceded because a plain reading of Rule 11 indicates that sanctions should not be granted by default or concession. Rule 11 requires a "pleading, motion or other paper" to be filed in violation of the rule before sanctions can be granted. Geller maintains that this requirement is not met here because no such paper or motion was filed, but that, in fact, he was sanctioned because he failed to file a response to CSICOP's motion. Geller's argument mischaracterizes the district court's decision, however. In support of its initial motion for sanctions, CSICOP complained that "Geller has not a shred of factual or legal support for the allegations in his Complaint that CSICOP can be held legally responsible for statements made by Randi without its knowledge or authorization." Joint Appendix, Vol. 1, at 90-91. As this allegation makes clear, CSICOP's request for sanctions was directed at the filing of Geller's initial complaint. When Geller failed to respond to the sanctions motion, the trial court concluded that he had effectively conceded under Local Rule 108(b) that his original complaint was not well grounded in fact or warranted by law. Consequently, the sanctions were not based upon Geller's failure to answer; rather, they were based upon Geller's filing of a frivolous complaint. Rather than finding Geller's failure to answer to be a sanctionable act, the court, at most, treated it as a concession that he had, in fact, filed such a complaint.
 
 
 17
 Rule 11 expressly authorizes sanctions for groundless complaints when it states that if "a pleading, motion or other paper is signed in violation of this rule, the court ... shall impose upon the party who signed it, a represented party, or both, an appropriate sanction." FED.R.CIV.P. 11 (1993) (emphasis added); see Cooter & Gell, 496 U.S. at 409, 110 S.Ct. at 2462 (affirming sanctions against law firm for filing of frivolous antitrust complaint). We find nothing in the Rule that limits its applicability in cases in which a party fails to respond to a motion for sanctions. On the contrary, we conclude that, under District of Columbia local rules, a party can be sanctioned for a Rule 11 violation if that party fails to respond to a motion for Rule 11 sanctions. See D.D.C. R. 108(b). Local Rule 108(b) is a rule of neutral applicability; it is not qualified in any way by the language of Rule 11 of the Federal Rules of Civil Procedure--it applies equally when a party fails to respond to a Rule 11 motion. We think it would be absurd to allow a party to concede an entire case by default while restricting the same party's ability to concede a motion for Rule 11 sanctions. See Moy v. Howard Univ., 843 F.2d 1504, 1504 (D.C.Cir.1988) (dicta) (party may concede a motion for summary judgment under Local Rule 108(b) by failing to respond); see also FED.R.CIV.P. 55 (governing default judgments). Consequently, the district court properly treated CSICOP's sanctions motion as conceded by Geller under Local Rule 108(b).
 
 
 18
 Turning to the underlying complaint, Geller argues that the complaint was indeed well grounded in fact and warranted by existing law under a theory of "apparent agency." Based upon our discussion of Local Rule 108(b), however, we need not reach this argument. Regardless of the merit of this claim, Geller cannot raise it now. The proper time for Geller to have raised this defense would have been in responding to CSICOP's motion for summary judgment. See Weil v. Seltzer, 873 F.2d 1453, 1459 (D.C.Cir.1989) (concession of motion under Local Rule 108(b) acts as waiver; party cannot raise conceded argument on appeal). When Geller failed to respond, he conceded a violation of Rule 11 under Local Rule 108(b); he cannot now argue the merits of his Rule 11 defense.
 
 
 19
 Finally, Geller complains that the district court's imposition of sanctions should be overturned because it is not adequately supported by findings of fact. We agree that, in cases in which a motion for sanctions is opposed, our review is aided when a trial court supports a sanctions order by "explicit findings of fact on either the exact basis underlying the sanctions or the reasonableness of the exact sanction chosen." Confederate Memorial Ass'n v. Hines, 995 F.2d 295, 301 (D.C.Cir.1993). Under these circumstances, however, we are unwilling to mandate such findings of fact to support the district court's order. In this case, the district court's basis for imposing sanctions is obvious. In its sanctions order, the district court handwrote the word "unopposed" in its description of CSICOP's sanctions motion. Later, in its denial of Geller's motion for reconsideration, the district court explained that it had treated the motion as conceded under Local Rule 108(b). Thus, the court treated the allegations in support of CSICOP's motion as true. The district court's reliance upon Local Rule 108(b) provides us a basis to determine the sanctions order to be reasonable. The reasonableness of the specific sanction levelled against Geller was conceded by him.
 
 
 20
 We find ample support for the district court's imposition of sanctions against Geller. Rule 11 expressly authorizes the imposition of sanctions against a "represented party" for violation of the rule. As the advisory committee notes to Rule 11 state, "Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client." Fed.R.Civ.P. 11 advisory committee notes to 1983 amendment (citing Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078 (2d Cir.1977)). Given Geller's litigious history, we find no abuse of discretion in this direct imposition of sanctions. The district court properly treated the sanctions motion as conceded by Geller under Local Rule 108(b). Although the size of the sanction is substantial, we find no abuse of discretion here, given the aggravated facts before the district court. Accordingly, the judgment of the district court is
 
 
 21
 Affirmed.
 
 
 
 [1]
 While we do not decide the applicability of the fugitive disentitlement doctrine in the civil context, we note that our position here is not inconsistent with the Second Circuit's determination not to decline jurisdiction where a litigant had neither complied with an order of the district court nor sought a stay of the order because the litigant had not fled the jurisdiction. See In re Feit & Drexler, Inc., 760 F.2d 406, 413-14 (2d Cir.1985)