99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Beatrice M. RUDDER, et al., Appellants
v.
DISTRICT OF COLUMBIA, et al., Appellees
 Nos. 95-7169, 95-7170 and 95-7171.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 18, 1996.
 
 Before: WALD, SILBERMAN and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the Court that the orders of the District Court are affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants seek review of several district court orders upholding the promotional procedures of the District of Columbia Fire Department. We affirm each of the challenged orders.
 
 BACKGROUND
 
 5
 This appeal arises out of a lawsuit brought by a group of black firefighters against the District of Columbia ("the District"), the Assistant Fire Chief, and the Battalion Fire Chief. At issue is an examination used to select candidates for promotion to the Fire Department positions of Captain, Lieutenant, and Sergeant. In an earlier lawsuit, Hammon v. Barry, 752 F.Supp. 1087 (D.D.C.1990), the district court approved a settlement agreement and consent decree that established an independent Test Development Committee ("TDC") to develop promotional examinations for the department. This lawsuit challenges the 1991 examination developed by the TDC. Appellants allege that the content and administration of the examination discriminated against black firefighters in violation of 42 U.S.C. §§ 1981, 1983, and 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., the District of Columbia Human Rights Act, D.C.Code Ann. § 1-2525(a) (Repl.1992), and the Fifth and Fourteenth Amendments.
 
 
 6
 Following discovery, the District sought summary judgment on the Plaintiffs' claims under section 1983 and the Fifth and Fourteenth Amendments on the ground that discovery had not revealed an unconstitutional municipal custom, policy, or practice. The District also sought to dismiss the claims of those Plaintiffs who failed to take the 1991 examination and to strike the Plaintiffs' jury demand under Title VII. When Plaintiffs failed to respond as required under D.C. Local Rule 108(b), the District filed a motion to treat its summary judgment motion as conceded. The district court granted the motion.
 
 
 7
 At the conclusion of the Plaintiffs' case-in-chief, the district court granted the District's motion for judgment as a matter of law with regard to the candidates for lieutenant and captain. At the conclusion of the bench trial the court ruled for the Defendants on the remaining issues. The court held that while Plaintiffs had established a prima facie case with regard to candidates for sergeant, Defendants had offered a legitimate business justification for the examination and Plaintiffs had failed to produce a less discriminatory alternative.
 
 DISCUSSION
 
 8
 Appellants contend that, under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is not properly granted simply because a non-movant has failed to respond. We reject this argument, at least in regard to the situation where the moving party has adequately supported its factual claims, as the District did here. See Geller v. Randi, 40 F.3d 1300, 1304 (D.C.Cir.1994); Moy v. Howard Univ., 843 F.2d 1504, 1504 (D.C.Cir.1988); McKinney v. Dole, 765 F.2d 1129, 1135 n. 12 (D.C.Cir.1985). Accordingly, the district court's grant of partial summary judgment for the District is affirmed.
 
 
 9
 Appellants also challenge the district court order granting judgment as a matter of law with regard to candidates for the positions of lieutenant and captain. We reject Appellants' claims. None of the Appellants sat for the examination for the position of lieutenant which, in any event, was open to every candidate who applied. Likewise, there was no evidence of adverse impact from the captains' examination. Among candidates for captain, blacks were equally, or even more, likely than whites to receive promotions. Because Plaintiffs offered no evidence of disparate, adverse impact resulting from the examinations for these positions, we affirm the district court order granting judgment as a matter of law.
 
 
 10
 In addition, we affirm the district court's judgment on the merits. Appellants argue that the district court erred in holding that the District was not required to offer a separate examination to members of the Fire Prevention unit. We agree with the district court that the settlement agreement and consent decree issued in Hammon v. Barry, 752 F.Supp. 1087 (D.D.C.1990), preclude Plaintiffs from challenging the District's single examination system. The court in Hammon noted the justifications for use of a single examination and held that "the objections submitted by members of the Fire Prevention unit are insufficient to preclude this Court from approving the Settlement Agreement as a fair resolution of this litigation." Id. at 1098.
 
 
 11
 We also hold that the district court did not commit clear error in finding that the examination for the position for sergeant was valid and job-related and that Plaintiffs failed to offer any less discriminatory alternatives. The court's findings on the content validity of the examination relied on testimony by two experts in employment testing. The test was developed using extensive studies and interviews relating to the relevant job skills. Moreover, the court found the Plaintiffs' witness to be extremely biased and so attached "very little weight" to his testimony. Likewise, the district court did not clearly err in holding that Plaintiffs failed to meet their burden of proving equally effective non-discriminatory alternatives. The district court cited testimony by Plaintiffs' expert questioning the viability of differential weighing or rescoring the examination. The court adequately discredited Plaintiffs' proposal for a more heavily subjective examination. Finally, the court correctly noted that assigning an eighty-percent weight to the assessment center portion of the examination would marginalize the portions testing cognitive skills. Because we find no clear error, we affirm the judgment to Defendants on the merits.
 
 CONCLUSION
 
 12
 For the foregoing reasons, we affirm the orders of the district court.