**Henry T. SANDERS, Appellant**

v.

**UNITED STATES of America and United States Court of Appeals for the Fourth Circuit, Appellees.**

No. 05–5264.

United States Court of Appeals, District of Columbia Circuit.

Oct. 17, 2005.

Henry T. Sanders, Landover, MD, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before GINSBURG, Chief Judge, and RANDOLPH and ROGERS, Circuit Judges.

## JUDGMENT

### PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief, the supplement thereto; and the appendix, and the supplements thereto, filed by appellant. It is

ORDERED AND ADJUDGED that the district court's order filed June 9, 2005 be affirmed. The district court correctly concluded that it lacked jurisdiction to review decisions of the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 1254 (providing for Supreme Court review, by way of writ of certiorari, of decisions of circuit courts of appeals).

Appellant claims that he has a pending motion for reconsideration upon which the district court refuses to act. To the extent appellant seeks mandamus to compel district court action, he has not shown a "clear and indisputable" right to mandamus relief. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). The docket in 05cv1157 shows that a post-judgment motion has been pending in district court only since July 5, 2005. Furthermore, the pendency of such a motion does not bar appellate review of the order dismissing appellant's action. *See Hoai v. Vo.*, 935 F.2d 308, 312 (D.C.Cir.1991).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.