BROWN, Circuit Judge,
dissenting.
The district court docketed an order (“the Order”) and memorandum opinion granting summary judgment in favor of Robinson on June 30, 2005. Wilburn filed a Rule 60 motion for reconsideration (“the Motion”) on July 18, eleven business days after the Order was docketed. The court denied the Motion on August 4, and Wilburn filed a notice of appeal (“the Notice”) on August 10.
The Notice was therefore filed 41 days after the Order was docketed. Under both 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure (FRAP) 4(a)(1)(A), the Notice should have been filed within thirty days of the Order. Section 2107 *1152 provides exceptions to this time limit, but none applies here. Similarly, FRAP 4(a)(4)(A)(vi) postpones the start of the thirty-day window if a motion for reconsideration is filed within ten days of entry of the order appealed from, but Wilburn did not file the Motion within that ten-day period. Thus, if we were to apply § 2107 and FRAP 4 strictly, we would necessarily find the Notice untimely and dismiss the appeal.
The threshold question is whether the appeal may nonetheless proceed. This seemingly straightforward inquiry has, as a result of the Supreme Court’s per curiam decision in Eberhart v. United States, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005), become somewhat opaque. Before Eberhart, Wilburn’s violation of the letter of § 2107 and FRAP 4 would have been the end of the matter. After Eberhart, we must decide whether these deadlines are truly jurisdictional or rather merely claim-processing rules subject to forfeiture, and what effect such forfeiture would have on our jurisdiction. See Eberhart, 126 S.Ct. at 404; Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Because my view of the jurisdictional question differs from that of my colleagues, I respectfully dissent.
I
As noted, Eberhart holds various timeliness rules may be subject to forfeiture, 126 S.Ct. at 405-06, but it does not. clarify precisely what effect forfeiture should have. The majority takes Eberhart to mean that if a party fails to object to a late filing, the filing is deemed timely for all purposes. I instead read Eberhart to say that if a party fails to object to a late filing, the court may entertain the filing, its continuing untimeliness notwithstanding. Under my reading of Eberhart, a post-judgment motion filed late remains late even given forfeiture of the untimeliness defense, and therefore it does not postpone the thirty-day period for filing an appeal, see FRAP 4(a)(4)(A). Moreover, I reach this conclusion whether the motion is late for all purposes, or, as here, merely late for purposes of the postponement provision in FRAP 4(a)(4)(A)(vi).
Recent Supreme Court precedent supports this approach to Eberhart. In Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), the Court considered the procedural effects of a one-year limitation period on habeas corpus petitions contained in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214. After Day, a habeas petition filed outside this time limit can put the district court in three very different positions, depending on the acts of the respondents. If the respondents actively invoke the time limit, the court must of course give it effect. Conversely, if the respondents actively waive the limitations defense, the district court “would not be at liberty” to apply the rule despite that choice. Day, 126 S.Ct. at 1684 n. 11. But if the respondents merely forfeit the defense without intelligently waiving it, the district court has the option of whether to enforce the rule and hence dismiss the petition. Id. at 1684.
Here, based on Robinson’s forfeiture of his untimeliness defense, the majority deems Wilburn’s Motion sufficient to postpone the start of the thirty-day period for filing an appeal. But if forfeiture of the untimeliness defense rendered late filings timely, then the district court in Day would have had no basis to dismiss the habeas petition. Thus, to be consistent with the logic of Day, we should reject the hypothesis that Wilburn’s Motion postponed, under FRAP 4(a)(4)(A), the time for filing an appeal.
*1153 Courts applying Eberhart or Kontrick to time constraints have, to date, addressed only the permissibility of late filings, not the effect late filings would have on subsequent deadlines. See, e.g., Huerta v. Gonzales, 443 F.3d 753 (10th Cir.2006) (appeal to Board of Immigration Appeals); First Ave. West Bldg., LLC v. James (In re OneCast Media, Inc.), 439 F.3d 558 (9th Cir.2006) (Rule 59(e) motion); Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc., 435 F.3d 1140 (9th Cir.2006) (petition for discretionary appeal); United States v. Robinson, 430 F.3d 537 (2d Cir.2005) (motion for new trial); Brickwood Contractors, Inc. v. Datanet Eng’g, Inc., 369 F.3d 385 (4th Cir.2004) (notice of Rule 11 motion). Such holdings are equally valid under both readings of Eberhart and thus cast no doubt on the reading I propose herein.
If we adopt my reading of Eberhart, application of the timeliness rules is very simple. FRAP 4(a)(4)(A) delays official entry of judgment only “[i]f a party timely files in the district court any of the [listed] motions.” FRAP 4(a)(4)(A) (emphasis added). Thus, if a plaintiff files a Rule 59(e) motion late and the defendant does not object, the court may consider the Rule 59(e) motion, but the motion remains untimely and hence does not delay entry of judgment pursuant to FRAP 4(a)(4)(A). Similarly, a Rule 60 motion filed outside the ten-day time limit set forth in FRAP 4(a)(4)(A)(vi) would not postpone § 2107(a)’s thirty-day period for filing an appeal, even if the opposing party failed to raise a timeliness objection. This approach is thus consistent with Moy v. Howard Univ., 843 F.2d 1504, 1506 (D.C.Cir.1988) (per curiam), which calls for parallel treatment of Rule 59(e) and Rule 60 motions for purposes of applying FRAP 4(a).
II
Wilburn filed the Motion more than ten business days after the Order was docketed. Therefore, the Motion does not trigger postponement under FRAP 4(a)(4)(A), and the Order is deemed “entered” for § 2107 purposes on June 30. As Wilburn filed the Notice more than thirty days later, § 2107 deprives us of jurisdiction.