Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

Jan. 17, 2002.

Michael Sitcov, Esq., U.S. Department of Justice, Civil Division, Washington, DC.

Alexander J. Pires, Jr., Esq., Conlon, Frantz, Phelan & Pires, LLP, Washington, DC.

J.L. Chestnut, Jr., Rose M. Sanders, Chestnut, Sanders, Sanders & Pettaway, Selma, AL.

Randi Ilyse Roth, Esq., Office of the Monitor, Saint Paul, MN.

Anthony Herman, Esq., Covington & Burling, Washington, DC.

Michael Lewis, Esq., ADR Associates, Washington, DC.

Lester Levy, Jams, San Francisco, CA.

Julie Redell, Nicole Fahey, Poorman–Douglas Corporation, Beaverton, OR.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it plaintiffs' motion to endow arbitrators with discretion to extend arbitration deadlines, a joinder in the motion filed by Wiley Rein & Fielding LLP and defendant's oppositions to both filings. Based on the parties' written arguments, the Consent Decree and the history of this case, the Court will GRANT plaintiffs' motion for the following reasons.

Under the Consent Decree that settled this case, the parties agreed that the Arbitrator, Michael Lewis, would conduct hearings to decide all claims for relief under Track B. *See* Consent Decree ¶ 10 (April 14, 1999). The Consent Decree laid out a time frame for the stages of these proceedings, including the conclusion of discovery, identification of witnesses and submission of exhibits and written testimony. *See id.* at ¶ 10(a)-(f). In addition, the Decree stated that the decisions of the Arbitrator and, by inference, his designees ("arbitrators"), would be final, and that the parties could not seek review in any court with respect to "any claim that is, or could have been decided, by the arbitrator." *Id.* at ¶ 10(i).

In their motion, plaintiffs ask that the Consent Decree be interpreted or modified by the Court to allow the arbitrators discretion to extend certain deadlines in the Track B proceedings. Plaintiffs point out that many Track B cases are being handled by *pro bono* counsel, who were brought into the cases after initial deadlines had passed and with little time to prepare before other deadlines were upon them. Based on this circumstance, plaintiffs argue, the arbitrators necessarily have the authority or should be endowed with the authority to extend deadlines in the Track B proceedings as appropriate. *See* Plaintiff's Motion at 7–11.

Defendant objects to such deadline revisions by the arbitrators, contending first that the Court lacks jurisdiction even to consider plaintiffs' motion and further that the deadlines set in the Consent Decree were meant to be absolute and final and thus cannot be modified by the arbitrators without the consent of both parties. *See* Defendant's Opposition at 2, 9. To alter the deadlines now, defendant argues, not only would permit plaintiffs' counsel unfairly to "re-do" the claims process but would remove a central benefit of the bargain on which defendant relied in agreeing to the settlement. *See* Defendant's Opposition at 7, 18–19.

As a threshold matter, the Court rejects defendant's contention that the Court lacks jurisdiction to consider plaintiffs' motion. It is established that a court maintains authority to enforce and to interpret an approved Consent Decree. *See, e.g., Beckett v. Air Line Pilots Ass'n,* 995 F.2d 280, 285-6 (D.C.Cir.1993); *Hammon v. Kelly,* 154 F.R.D. 11, 27 (D.D.C.1994). Here, the Consent Decree explicitly allows for its construction in a liberal manner in view of its remedial purposes, recognizing that the Decree could not possibly have anticipated every circumstance that would

arise in the course of implementation. *See* Consent Decree at 1–2. Defendant is correct that the Decree precludes judicial review of arbitrator decisions of Track B claims, *see* Defendant's Opposition at 3–4 (citing the Consent Decree, ¶ 10(i)). In their motion, however, plaintiffs do not ask the Court to review a "claim that is, or could have been decided, by the arbitrator." Consent Decree, ¶ 10(i). Plaintiffs do not challenge any specific decision by an arbitrator to grant or deny a claim for relief.[1] Instead, plaintiffs ask the Court only to interpret the Decree and clarify the scope of the arbitrators' authority to revise deadlines. Because the Consent Decree does not preclude Court consideration of the scope of the arbitrators' discretion in Track B proceedings, this Court has jurisdiction to decide plaintiffs' motion.

■ With respect to the scope of the arbitrators' discretion, the Court concludes that the Arbitrator and his designees have essentially the same authority over Track B hearings that a trial judge would have over a trial or related pre-trial proceedings. In Paragraph 10 of the Consent Decree, this Court delegated its authority over Track B claims to the Arbitrator. That authority implicitly includes the powers necessary to conduct both the evidentiary hearing and pre-hearing proceedings, such as deciding requests to enlarge the discovery period, to extend deadlines for submission of testimony and exhibits, and to schedule and, if appropriate, reschedule the hearing date. In this case, therefore, it is evident that granting extensions of such dates and deadlines is well within the arbitrators' authority.

The more difficult question, however, concerns deadlines already past: Can the arbitrator allow *pro bono* counsel to conduct discovery and submit direct testimony when the dates for the close of discovery and submission of testimony have expired? The Court recognizes that, as a general practice, it is rare for a trial judge to reopen discovery after discovery has closed and discovery deadlines have not been extended by consent or on motion. Certainly where a lawyer has disregarded deadlines established by rules or court order, a judge is loathe to provide relief, even where the errors of counsel or even former counsel have weakened a litigant's ability effectively to present his or her claim. The history of this case is unique, however, and requires more than hasty application of general practice.

*Pro bono* counsel originally were solicited by the Court itself to provide services to class members as a result of class counsel's inability to represent all Track B claimants adequately. *See* Order of April 27, 2001 at 6–7. In the course of that solicitation, the Court informally assured *pro bono* counsel that arbitrators in Track B cases would be reasonable and flexible with deadlines in order to accommodate counsel's late entry into ongoing proceedings. Nevertheless, the parties have remained unsure as to whether the arbitrators may allow *pro bono* counsel to "undo" the errors of their predecessors by vacating past deadlines, or whether the arbitrators' authority is limited to granting delays of future proceedings, so that counsel may "catch up" in the process.

Based on the parties' submissions and the history of this case, the Court concludes that the arbitrators do have discretion to allow for revision of certain deadlines, *even after the deadlines have passed,* so long as justice requires the revisions and provided that the burden on the defen-

---

1. The Court does not accept defendant's assumption that a request for extension of deadlines constitutes a "claim" subject to ¶ 10(i) unreviewability. *See* Defendant's Opposition at 10–11.

dant is not so great as to outweigh the interest of the claimant in fully presenting his or her claim. These decisions are within the discretion of the arbitrator in each case. In the interest of fairness, the arbitrators may reschedule hearings and permit late filing of written testimony and exhibits. Reopening of discovery is a more difficult question. Just as a trial judge would have discretion to reopen discovery under extraordinary circumstances, so too does each arbitrator have the same authority. This Court is confident, however, that the arbitrators will hue to this standard of restraint as they consider any such requests. In other words, the Court expects the arbitrators to be much more reluctant to reopen discovery than to accept the submission of testimony and exhibits out of time. For these reasons, it is hereby

ORDERED that plaintiffs' motion to endow arbitrators with discretion to extend arbitration deadlines is GRANTED. The Court holds that the arbitrators' authority to revise deadlines in Track B proceedings is implicit in the terms of the Consent Decree and supported by general principles of judicial discretion, and therefore the Court need not "endow" the arbitrators with any supplemental authority.

SO ORDERED.