**Balsam SABBAGH, Appellant,**

v.

**UNITED ARAB EMIRATES,
et al., Appellees.**

No. 03–7027.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 4, 2004.

Balsam Sabbagh, pro se, Fairfax Station, VA, for Plaintiff–Appellant.

Mary M. Baker, Haig V. Kalbian, Kalbian Hagerty, Washington, DC, for Defendants–Appellees.

Before ROGERS, TATEL, and ROBERTS, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and motions filed by the parties, including the motion to strike, the response thereto, and the reply; the motion for leave to file and the response thereto; the motion to grant protection and the response thereto; the motion to remove electronic monitoring devices and the response thereto; the motion for an order to summon and the response thereto; the motion for appointment of counsel; and the supplement to appellant's brief, styled as "appellant's denial of any request to withdraw this case." *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED that that the appellant's motions to grant protection, to remove electronic monitoring devices, for an order to summon, and for appointment of counsel be denied. It is

FURTHER ORDERED AND ADJUDGED that the judgment of the district court be affirmed. Because "strict adherence" to Sec. 1608(a) is required to accomplish effective service upon a foreign state, *see Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C.Cir.1994), the district court correctly granted the motion to dismiss appellee the United Arab Emirates. The district court was also correct in granting the motion to dismiss appellees Al–Qubaisi and Al–Shamsi. When the district court relies on the absence of a response as a basis for treating a motion as conceded pursuant to LCvR7(b), this court will honor the enforcement of the local rule. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577–78 (D.C.Cir.1997) (citing *Geller v. Randi*, 40 F.3d 1300, 1304–05 (D.C.Cir.1994)). The district court properly dismissed the action against appellee Alami as well, as no proof of service or explanation for the lack of service was filed within 120 days of the action's commencement. *See* Fed.R.Civ.P. 4(m); *Smith–Bey v. Cripe*, 852 F.2d 592, 593 (D.C.Cir.1988). Appellant's argument that she should be excused from the consequences of her counsel's failure to effect proper service on appellees or respond to the motion to dismiss has no merit, as parties are generally considered bound by the acts of their lawyers, whom they have voluntarily chosen to represent them. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). It is

FURTHER ORDERED that the motion to strike appellant's appendix and motion for leave to file appellees' appendix be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.