Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A.97–1978 PLF, CIV.A.98–1693 PLF.

United States District Court, District of Columbia.

Nov. 8, 2004.

Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Anthony Herman, Covington & Burling, David A. Branch, Law Office Of David A. Branch, Jacob A. Stein, Stein, Mitchell & Mezines, Mona Lyons, Clifford, Lyons & Garde, Caroline Lewis Wolverton, U.S. Department of Justice, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J. L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, Stephon J. Bowens, Marcus B. Jimison, Durham, NC, for Plaintiffs.

Daniel Edward Bensing, David M. Souders, Weiner Brodsky Sidman Kider PC, Michael Sitcov, Marsha Stelson Edney, United States Department of Justice, Susan Hall Lennon, Terry M. Henry, Elizabeth Goitein, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on Claimants' Submission Pursuant to the

Court's January 14, 2003 Request Seeking Clarification that the Court of Appeals' June 21, 2002 Opinion Applies to Claimants Not Previously Represented by Class Counsel. On April 4, 2003, the Court gave leave for nine claimants to file an additional submission on this issue. On June 25, 2003, those claimants filed Nine Named and or Lead Plaintiffs' Memorandum: Submitted in Response to the Court's January 14th 2003 Order. Upon consideration of claimants' submission, the government's opposition, claimants' reply, the government's surreply, the nine named plaintiffs' submission and the government's response, the Court concludes that the relief granted by the court of appeals in its June 21, 2002 opinion does *not* apply to claimants not originally represented by class counsel. As noted below, however, if any of these plaintiffs were, in fact, originally represented by class counsel and injured by class counsel's actions, relief is warranted.

On June 21, 2002, the court of appeals concluded that this Court had erred in interpreting the Consent Decree to allow extension of certain critical deadlines. *See Pigford v. Veneman*, 292 F.3d 918 (D.C.Cir.2002). Although the court of appeals concluded that this Court "exceeded its interpretative authority," it concluded that "class counsel's conduct justifie[d] modifying the decree under Federal Rule of Civil Procedure 60(b)(5)." *See id.* at 919. Rule 60(b)(5) permits courts "upon such terms as are just" to "relieve a party or a party's legal representative from a final judgment, order, or proceeding … [if] it is no longer equitable that the judgement should have prospective application." Fed.R.Civ.P. 60(b)(5). "[A] significant change in circumstances," the Supreme Court has held, may "warrant[ ] revision of [a] decree." *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992).

■ The court of appeals noted that, generally, an attorney's mistakes cannot form the basis of a Rule 60(b)(5) modification of a consent decree. *See Pigford v. Veneman*, 292 F.3d at 926. Because a client voluntarily chooses his attorney, he cannot "avoid the consequences of the acts or omissions of [the] freely selected agent." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The court of appeals in *Pigford* concluded, however, that other than the three named plaintiffs, none of the class members had "voluntarily" chosen class counsel and that the general rule of *Link* may not apply. *See Pigford v. Veneman*, 292 F.3d at 926. The court of appeals therefore concluded that the failure of class counsel not freely chosen by a class member to meet the critical Track B deadlines necessary to pursue that particular class member's claim "amounts to an 'unforeseen obstacle' that [made] the decree 'unworkable.' " *See id.* at 927. The court of appeals then remanded the case to this Court to "suitably tailor" a remedy, or Rule 60(b)(5) modification, for each claimant depending on what failings of his or her lawyer led to the missing of Track B deadlines so as to "reset the clock" so far as possible and provide an opportunity to have the individual claims processed by competent counsel. *See id.* at 927.

■ The issue now before the Court is whether claimants who were not originally represented by class counsel were covered by the principles articulated in the court of appeals' opinion. *See Pigford v. Veneman*, 239 F.Supp.2d 68, 72 (D.D.C.2003). Claimants suggest that the court of appeals' decision clearly applies to claimants not originally represented by class counsel because the court of appeals' decision turned on the *conduct* of counsel rather than on the *identity* of counsel. *See* Claimants'

Submission Pursuant to Court's January 14, 2003 Request at 5. Defendant maintains that the court of appeals was quite clear that relief was appropriate only because plaintiffs had not truly "chosen" their counsel and therefore that any claimant who did elect to choose his own counsel was responsible for the errors of that counsel. *See* Defendant's Response to Claimant's Submission Pursuant to the Court's January 14, 2003 Request at 3. Defendant is right; the court of appeals could not have been clearer.

Unlike the cases cited by claimants from this and other circuits, this case does not involve the discretionary dismissal of a case as a penalty for an attorney's misconduct. Instead, claimants ask the Court to relieve them from bargained-for Track B deadlines because their attorneys have failed to fulfill their duties to their clients. In allowing for Rule 60(b) relief in this case, the court of appeals relied exclusively on this case's status as a class action and the lack of voluntary choice of counsel on the part of the class members. *See Pigford v. Veneman,* 292 F.3d at 925–26. The D.C. Circuit recently reiterated, in an unpublished opinion, that "parties are generally considered bound by the acts of their lawyers, whom they have voluntarily chosen to represent them." *Sabbagh v. United Arab Emirates,* 87 Fed.Appx. 188, 2004 WL 288605, *1 (D.C.Cir.2004). Contrary to claimants' assertions, the court of appeals in *Pigford* addressed the actual conduct of class counsel only after determining that the claimants were not bound by that conduct because the case was a class action and the class members had not voluntarily chosen their counsel. It would not be in keeping with the decision of the court of appeals to expand its decision to those claimants not originally represented by class counsel.

The arguments advanced by the *pro se* plaintiffs are similarly unavailing. First, plaintiffs argue that they are due special consideration as "private attorney generals" and lead plaintiffs in the action. *See* Lead Pl. Mot. at 2. Plaintiffs cite no law, however, to support their contention that the burden under Rule 60(b) is any less for lead plaintiffs or *pro se* plaintiffs in a class action than for other parties to an action. Plaintiffs next argue that the court of appeals' decision is rooted in the "intent of Congress" and that that intent weighs in favor of modification and that it is the burden of the Court to protect the class. *See id.* at 3. Neither of these arguments, however, provides grounds for this Court to modify the Consent Decree pursuant to Rule 60(b). Plaintiffs finally maintain that the Court could simply send the cases back to the arbitrator for rescheduling, allow the plaintiffs to opt out of the settlement, or use the arbitration process used for Tim and Clara Pigford. *See id.* That argument is similar to the one accepted by this Court in its decision of January 17, 2002. *See Pigford v. Veneman,* 182 F.Supp.2d 50, 52–53 (D.D.C.2002) ("the Court concludes that the arbitrators do have discretion to allow for revision of certain deadlines, even after the deadlines have passed, so long as justice requires the revisions and provided that the burden on the defendant is not so great as to outweigh the interest of the claimant in fully presenting his or her claim."). Unfortunately for plaintiffs, this Court was reversed by the court of appeals for reaching that conclusion. *See Pigford v. Veneman,* 292 F.3d at 919. None of these options is available because all would involve modification of the Consent Decree under Rule 60(b) which, for the reasons listed above, is not available relief in this case.

Defendant acknowledges, however, that in their *pro se* filing the nine plaintiffs alleged that they "were represented by

class counsel from August 15th, 1997 until December 1999." Nine Named and or Lead Plaintiffs' Memorandum: Submitted in Response to the Courts' January 14th 2003 Order ("Lead Pl. Mot.") at 2; Defendant's Response to Pro Se Plaintiffs' Submission Pursuant to the Court's January 14, 2003 Request ("Def.Resp.") at 2. Defendant agrees that, if these plaintiff were, in fact, originally represented by class counsel and therefore were injured by lead counsel's errors, they clearly are entitled to the relief discussed in the court of appeals' June 21, 2002 decision. *See* Def. Resp. at 2. The Court is confident that should this be the case, the affected claimants and the government will work together to determine the appropriate relief.

Accordingly, it is hereby

ORDERED that the relief granted by the court of appeals in its June 21, 2002 Opinion does not apply to those claimants not originally represented by class counsel.

SO ORDERED.