UNITED STATES of America

v.

**Paul PETERSON, Defendant.**

No. 98–CR–409 (LEK).

United States District Court, N.D. New York.

Sept. 7, 2000.

James E. Long, Office of James E. Long, Albany, NY, for Paul J. Peterson.

Paul D. Silver, Asst. U.S. Atty., Albany, NY, for U.S.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

On June 2, 1999, a jury convicted Defendant of a five count indictment charging

violations of 18 U.S.C. §§ 2(a), (b); 844(i); and 924(c)(1). On October 13, 1999, Defendant filed a post-trial motion with this Court seeking an order directing the Government to deliver all files related to this case, including all files in the possession of the Bureau of Alcohol, Tobacco and Firearms (the "ATF"), the Cohoes Police Department (the "CPD"), and the New York State Police Department for *in camera* inspection to determine whether the Government violated its disclosure obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny, and the Jencks Act, 18 U.S.C. § 3500, *et seq.* The Court issued an order on December 3, 1999, directing the Government to deliver the aforementioned files to the Court for inspection by Defendant. Following that review, Defendant alleges that the Government did violate its *Brady* and Jencks Act disclosure obligations, and seeks a new trial.

There are essentially four categories of unproduced documents at issue:

(1) the notes taken by New York State Police Investigator Dennis Moessner in his interview of Mr. Diotte;

(2) the notes taken by Albany County District Attorney Investigator Robert Mueller in his Diotte interview;

(3) the notes taken by Bureau of Alcohol, Tobacco and Firearms Special Agent Michael Lawrence in his Diotte interview; and

(4) Agent Lawrence's four reports detailing his investigation dated April 15, 1997; May 30, 1997; June 4, 1997; and March 5, 1998.

## I. ANALYSIS

The Jencks Act (the "Act") provides that a defendant in a federal criminal trial, after a government witness has testified on direct examination, is entitled to receive, for purposes of cross-examination, any written statement of the witness in the government's possession "which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). A "statement," as defined by the Act, means:

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement . . .

18 U.S.C. § 3500(e).

■ The Second Circuit has ruled that documents of local police and other non-federal investigators are not subject to the Jencks Act in the absence of a joint state-federal investigation. *See United States v. Paternina–Vergara,* 749 F.2d 993, 997 (2d Cir.1984); *United States v. Bermudez,* 526 F.2d 89, 100 n. 9 (2d Cir.1975). However, based on the testimony at trial and the argument I have heard, there is sufficient nexus between the federal and local governments to warrant a finding that a joint investigation existed in this case.

■ The legal standard to be applied in determining whether a new trial is warranted as a result of a Jencks Act violation depends on whether the government's suppression was deliberate or inadvertent. *See United States v. Hilton,* 521 F.2d 164, 166 (2d Cir.1975). If the suppression is deliberate or the Government ignores evidence of such high value that it could not have escaped its attention, the defendant is entitled to a new trial so long as the evidence is "merely material or favorable to the defense." *Id.* However, if the suppression is inadvertent, the defendant should only be given a new trial if "there was a significant chance that this added item, developed by skilled counsel, could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction." *Id.; see United States v. Gonzalez,* 110 F.3d 936, 943 (2d Cir.1997).

■ At oral argument, Paul D. Silver, Assistant United States Attorney, attorney for the Government, acknowledged that when he spoke to Investigator Moessner in

an effort to obtain the producible documents from the state, he told him that he needed the reports and statements of witnesses and believed he told him that he did not need his notes. The notes were not seen by Defendant until after the conclusion of the trial. A review of the detailed nature of these notes reveals that they are a substantially verbatim recording of Defendant's oral statements to the investigators made contemporaneously with those statements.

Better practice would clearly have been for these notes to have been obtained prior to trial. However, the Court recognizes that Mr. Silver, with candor, freely volunteered this information at oral argument. It is clear that a miscommunication or misunderstanding between Mr. Silver and Investigator Moessner resulted in the notes not being produced. Therefore, the suppression was inadvertent in this case and Defendant must meet the higher standard of the two laid out in *Hilton* in order to be granted a new trial. A review of the entire record reveals that the notes of Investigators Moessner and Mueller would have created additional discrepancies not present at trial in the testimony of Mr. Diotte that would have had a significant chance of creating reasonable doubt in the minds of enough jurors to prevent Defendant's conviction. Therefore, Defendant is entitled to a new trial.

As the Court has held that a new trial is warranted on the basis of the Jencks Act violation stemming from the suppression of the notes of Investigators Moessner and Mueller, it need not address Defendants other claims.

## II.  CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's motion for a new trial is GRANTED;  it is further

ORDERED that the jury verdict of June 2, 1999 is VACATED;  it is further

ORDERED that the Clerk set a new trial date of October 16, 2000;  it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.