14-1992-cr
*United States v. Ramirez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fifteen.

PRESENT:   DENNY CHIN,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges*,
                    EDWARD R. KORMAN,
                              *Senior District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                              14-1992-cr

CHRISTOPHER RAMIREZ, aka Sire,
                              *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*          The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:  HARRY SANDICK, Sophie B. Kaiser, Patterson Belknap Webb & Tyler LLP, New York, New York.

FOR APPELLEE:  KAN MIN NAWADAY, Robert L. Boone, Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Christopher Ramirez appeals from a judgment entered June 6, 2014, convicting him after trial by jury of one count of conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana, 21 U.S.C. § 846, and one count of discharging a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii). Following Ramirez's conviction, the government disclosed the presentence investigation report ("PSR") for their key cooperating witness (the "Witness") in Ramirez's trial. The government confirmed that it was in possession of the PSR prior to Ramirez's trial and that the PSR contained information that would have assisted the defense in its impeachment of the Witness. Ramirez subsequently renewed his motion for a new trial under Federal Rules of Criminal Procedure 29 and 33, arguing that the government violated his Fifth Amendment rights by failing to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S.

150 (1972), and the Jencks Act, 18 U.S.C. § 3500.  In an Opinion and Order filed June 9, 2014, the district court denied Ramirez's motion on the grounds that Ramirez was not prejudiced as a result of the nondisclosure.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for appeal.

We review *de novo* the question of whether suppressed information is material under *Brady* and *Giglio*, while giving "great weight" to the district court's factual conclusions as to the effect of the nondisclosure.  *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005).  We review the denial of a Rule 33 motion for a new trial for abuse of discretion.  *United States v. Robinson*, 430 F.3d 537, 542 (2d Cir. 2005).

To establish a *Brady*/*Giglio* violation, "a defendant must show that: (1) the [g]overnment, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001).  While the first two elements are easily resolved in Ramirez's favor, he must also show that prejudice ensued from the suppression of this evidence.  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).  Ramirez must establish that the suppressed evidence was material, i.e., that there was a "'reasonable probability' of a different result," *United States v. Jackson*, 345 F.3d 59, 73 (2d Cir. 2003) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)), had the suppressed evidence been made available.  Upon review of the record, and giving appropriate deference to the district court's findings as to the effect of nondisclosure on

the outcome of the case, we conclude that the district court did not abuse its discretion in denying Ramirez's motion for a new trial.

As the district court explained, the PSR would have provided valuable impeachment material for the defense but would not have affected the outcome of the trial. Because the government presented other evidence establishing Ramirez's guilt, the case did not hinge on the Witness's credibility and the verdict would not have changed as a result of the additional impeachment material. *See United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995) ("In general, impeachment evidence has been found to be material where the witness at issue 'supplied the only evidence linking the defendant(s) to the crime,' or where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." (quoting *United States v. Petrillo*, 821 F.2d 85, 90 (2d Cir. 1987))). In addition to the Witness, another witness testified regarding Ramirez's involvement in the drug conspiracy and the April 2009 shooting. *See Jackson*, 345 F.3d at 74 ("[A] new trial is generally not required when the testimony of the witness is 'corroborated by other testimony . . . .'" (quoting *Payne,* 63 F.3d at 1210)). The government also presented DNA evidence linking Ramirez to the gun found in connection with the shooting.

In other respects, the impeachment information contained in the PSR would have been merely cumulative. "It is well settled that where ample ammunition exists to attack a witness's credibility, evidence that would provide an additional basis for doing so is ordinarily deemed cumulative and hence immaterial." *United States v.*

- 4 -

*Orena*, 145 F.3d 551, 559 (2d Cir. 1998). The withheld PSR would have only provided additional impeachment material for issues that were already covered at trial. For example, the erroneous sentencing calculation in the PSR may have been used to question the Witness about his understanding of the benefit he was receiving for testifying, but his incentives as a cooperating witness had already been explored during cross-examination. With respect to the new impeachment information contained in the PSR -- disciplinary infractions, positive tests for marijuana, and financial information -- no prejudice ensued because the Witness's credibility had been similarly called into question in the same respects by evidence other than the PSR. *See Shabazz v. Artuz*, 336 F.3d 154, 166 (2d Cir. 2003) ("[W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative, and hence not material." (quoting *United States v. Avellino*, 136 F.3d 249, 257 (2d Cir. 1998)).

Ramirez argues that, taken collectively, the various matters presented by the PSR raised a reasonable probability of a different result because the verdict hinged on the Witness's credibility. On this point we defer to the district court's well-supported conclusion that the verdict would not have been affected as the result of additional impeachment of the Witness.

Ramirez also argues that the defense was not afforded sufficient opportunity to make use of the Jencks Act materials produced the Friday before trial

because of a restrictive protective order placed on Ramirez's access to the material. Prior to trial, the district court granted the government's motion for a protective order requiring either defense counsel, an Assistant United States Attorney, or a designated federal agent to be present with Ramirez while he reviewed the material. Ramirez argues that the Jencks Act materials were effectively suppressed for purposes of *Brady* because defense counsel was not given sufficient time to make effective use of them while simultaneously supervising Ramirez. Ramirez has not, however, pointed to ways in which the prior witness statements were material, such that they would fall within the ambit of *Giglio* and the government would have been obligated to turn them over earlier. *See Coppa*, 267 F.3d at 145-46 (distinguishing the government's disclosure obligations with respect to *Brady* and *Giglio* from the Jencks Act). Even assuming the materiality of the information, Ramirez has not identified any way in which the timing of the disclosure deprived him of the ability to make effective use of the material at trial.

We have considered all of Ramirez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk