17-1668-cr
United States v. Snyder

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand eighteen.

PRESENT: DENNIS JACOBS,
           REENA RAGGI,
           PETER W. HALL,
                   **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X

United States of America,
        **Appellee,**

        -v.-                            17-1668-cr

Robert Snyder,
        **Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Daniel DeMaria, Esq., Merchant Law Group LLP, New York, NY. |
| **FOR APPELLEE:** | Grant C. Jaquith, United States Attorney for the Northern District of New York (Miroslav Lovric, Michael D. Gadarian, Assistant United States Attorneys, on the brief), Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **REMANDED** for the limited purpose of imposing a restitution amount consistent with this order.

Robert Snyder appeals from his judgment of conviction in the United States District Court for the Northern District of New York following trial on eight counts of child pornography-related offenses under 18 U.S.C. § 2252A. He argues the district court erred in denying his Federal Rule of Criminal Procedure 33 motion for a new trial based on a claimed violation of the Jencks Act, 18 U.S.C. § 3500 ("the Act"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The United States Postal Inspection Service ("USPIS") identified Snyder as a customer of Azov Films ("Azov"), a Canadian production company specializing in so-called naturalist and nudist movies featuring child pornography. Investigators interviewed Snyder at his home, where he admitted that he had purchased Azov materials through their website and downloaded videos to his computer. A search of Snyder's residence uncovered DVDs with videos of nude children, computer hard drives with pornographic images of children, and an internet search history replete with terms indicating an intent to access child pornographic content. A grand jury returned an eight-count indictment charging Snyder with violations of 18 U.S.C. § 2252A(a) and (b) for accessing with intent to view, receive, and possess child pornography.

Snyder proceeded to trial, where USPIS Inspectors Bone and Connelly testified on behalf of the prosecution regarding the pornographic Azov materials ordered by Snyder's, among other topics. At various points during and after the Inspectors' testimony, defense counsel asked that the Government produce Inspector Bone's trial transcripts and Inspector Connelly's grand jury testimony in other Azov-related cases. The district court denied the requests from the bench as without "legal basis." App'x at 283.

2

Snyder was convicted on all counts, and he moved for a judgment of acquittal and a new trial on the basis that the government failed to comply with its Jencks Act obligations.  See Fed. R. Civ. P. 29 and 33.  The district court denied the motion, ruling that: (1) testimony from other trials is not covered by the Act; and (2) even if the Government should have produced Inspector Connelly's grand jury testimony, the missing material would not create a "significant chance" of "instill[ing] a reasonable doubt in a reasonable juror."  App'x at 467 (quoting United States v. Jackson, 345 F.3d 59, 77 (2d Cir. 2003) (internal citation omitted)).

We review the denial of a motion for a new trial for abuse of discretion.  United States v. Robinson, 430 F.3d 537, 542 (2d Cir. 2005).  Federal Rule of Criminal Procedure 33(a) provides that "'[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.'"  United States v. James, 712 F.3d 79, 107 (2d Cir. 2013) (quoting Fed. R. Crim. P. 33(a)).  A "district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."  Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 370 (2d Cir. 1988); see United States v. Silver, 184 F. Supp. 3d 33, 52 (S.D.N.Y. 2016) (on Rule 33 motion, "the question is not whether there was error in the evidentiary ruling, but whether there is 'manifest injustice' and a real concern that an innocent person may have been convicted").

The claimed injustice is the Government's violation of Section 3500.  See generally Jencks v. United States, 353 U.S. 657 (1957).  That statute provides, in relevant part:

> After a witness [is] called by the United States ... the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States *which relates to the subject matter as to which the witness has testified*.

18 U.S.C. § 3500(b) (emphasis added).  To trigger a production obligation, a witness's prior statement "must at

3

least relate generally to the events and activities testified to before the statement must be produced[;]" statements which are "merely incidental or collateral" need not be disclosed.  United States v. Pacelli, 491 F.2d 1108, 1118 (2d Cir. 1974) (internal quotation marks omitted); United States v. Birnbaum, 337 F.2d 490, 497 (2d Cir. 1964).  Statements on the same general subject matter do not "relate" unless they deal with the specific "events and activities testified to on direct examination."  United States v. Cardillo, 316 F.2d 606, 615 (2d Cir. 1963); see also United States v. Mayersohn, 413 F.2d 641, 643 (2d Cir. 1969) (denying a Jencks Act request for production of statements that do not specifically relate to a witness' direct testimony).

Where, as here, the district court denies a motion to produce material sought by the defense under the Act, the material is preserved and made available to the appellate court so the appellate court may determine if the trial court's ruling was sound.  18 U.S.C. § 3500(c); Cardillo, 316 F.2d at 614-15.  If the reviewing court determines that the Government failed to produce Jencks Act material, "[t]he legal standard to be applied in determining whether a new trial should be granted ... depends on whether the suppression was deliberate or inadvertent."  United States v. Hilton, 521 F.2d 164, 166 (2d Cir. 1975).  "[I]f the Government's failure to disclose is inadvertent, a new trial is required only if there is a significant chance that this added item, developed by skilled counsel, could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction."  Id.

As to Inspector Bone, while other "circuits have held that prior trial testimony is not within the scope of the Jencks Act because the witness statements" are not "in the possession of the United States" within the meaning 18 U.S.C. § 3500(b), see United States v. Chanthadara, 230 F.3d 1237, 1254-55 (10th Cir. 2000) (collecting cases), this court has not ruled on the issue.  As to Inspector Connelly's grand jury testimony in a Rhode Island child pornography prosecution involving Azov Films (the "Silva" case), such testimony may be covered by the act, see 18 U.S.C. § 3500(e)(3), but only if it sufficiently relates to

4

Connelly's direct testimony at Snyder's trial.[1]  See United States v. James, 609 F.2d 36, 48 (2d Cir. 1979).  We need not decide whether the Silva grand jury testimony triggered a production obligation--or whether Inspector Bone's trial testimony is subject to the Act--because Snyder's claim fails on other grounds.

In any event, Snyder has not shown that any error would entitle him to a new trial.  See United States v. Frank, 520 F.2d 1287, 1292 (2d Cir. 1975).  The standard for granting a new trial varies depending on whether the Government's failure to produce was inadvertent or deliberate.  United States v. Gonzalez, 110 F.3d 936, 943 (2d Cir. 1997).  Here, the prosecution offered testimony from the postal inspectors; defense counsel moved to strike the testimony; and the trial judge denied the motions on the express ground that there was no Jencks Act obligation to produce those materials.  The Government was therefore never under order to produce the requested transcripts, and Snyder does not allege subterfuge or fraud in the Government's conduct.  Under these circumstances, the Government cannot be said to have "deliberately suppressed" the transcripts when it believed in good faith, and with the blessing of the court, that the material was not covered by the Act.  See Hilton, 521 F.2d at 166; see, e.g., United States v. Peterson, 116 F. Supp. 2d 366, 368 (N.D.N.Y. 2000).

Snyder must therefore show that "there is a significant chance that [the contested transcripts] could have induced a reasonable doubt in the minds of enough jurors to avoid a

---

[1] The Government provided Inspector Connelly's grand jury testimony from the Silva matter to the panel under seal.  Both the Silva grand jury testimony and Connelly's direct testimony at Snyder's trial featured material from Azov Films, but there is no evident relationship between the content of the two testimonies beyond that broadly similar theme.  See Cardillo, 316 F.2d at 615; United States v. Nosworthy, 475 F. App'x 347, 353-54 (2d Cir. 2012) (summary order) ("We decline to embrace a reading of the Jencks Act that would require the disclosure of information from an entirely unrelated case just because it involved a broadly similar—and far from uncommon—fact pattern.").

conviction." <u>Jackson</u>, 345 F.3d at 77 n.14. In other words, there must be a reasonable probability that had defense counsel received the trial and grand jury transcripts, "the result would have been different." <u>Gonzalez</u>, 110 F.3d at 943. Nothing in Inspector Connelly's grand jury testimony in <u>Silva</u> suggests bias that could be drawn out on cross-examination, nor would the testimony be likely to undermine the evidence supporting Snyder's conviction. And Snyder has not established that any other information retrieved from publicly available trial transcripts in another Azov matter would have been favorable to the defense. See <u>Jackson</u>, 345 F.3d at 77 n.14. In sum, the district court did not abuse its discretion in denying Snyder a new trial.

Snyder also challenges the district court's restitution order as non-compliant with the requirements of <u>Paroline v. United States</u>, 134 S. Ct. 1710 (2014). The Government has consented to a limited remand for the district court to conduct a <u>Paroline</u> analysis and explain the rationale for its restitution order in light of the <u>Paroline</u> factors.

For the foregoing reasons, and finding no merit in Snyder's other arguments, we hereby **AFFIRM** the judgment of the district court in all respects except for the restitution award, and **REMAND** for the limited purpose of allowing the district court to determine the proper amount of restitution in a manner consistent with this order.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE
> CLERK OF COURT