16-3274-cr (L)
*United States v. Taylor*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
                      ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                      *Appellee*,                                    16-3274-cr (L); 16-4088-cr (Con)

                      v.

SHAUN TAYLOR, ALSO KNOWN AS S-DOT,

                      *Defendant-Appellant*,

D'ANDRE YELVERTON, ALSO KNOWN AS CUBA,
JOSEPH CARMOEGA, ALSO KNOWN AS CHINO,
TIMOTHY PINKNEY, ALSO KNOWN AS LITTLE TIMMY,

                      *Defendants.*\*

---

---

\* The Clerk is directed to amend the caption as shown above.

**FOR APPELLEE:**                                     David C. James, David C. Pitluck,
                                                      Assistant United States Attorneys, *for*
                                                      Richard P. Donoghue, United States
                                                      Attorney, Eastern District of New York,
                                                      Brooklyn, NY.


**FOR DEFENDANT-APPELLANT:**                          Megan Wolfe Bennett, Kreindler &
                                                      Kreindler LLP, New York, NY.

Appeal from a November 22, 2016 judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Shaun Taylor ("Taylor") appeals from a November 22, 2016 judgment convicting him, following a jury trial, of narcotics distribution conspiracy, distribution of cocaine, two counts of drug-related murder, two counts of drug-related murder conspiracy, murder-for-hire conspiracy, use of a facility to commit murder for hire, use and discharge of a firearm during drug-trafficking crimes and crimes of violence, and firearm-related murder. The District Court sentenced Taylor principally to life imprisonment plus a consecutive term of 50 years and ordered him to pay $16,056 in restitution and a special assessment of $12,000.

On appeal, Taylor, through counsel, disputes a series of evidentiary rulings and contends that the District Court repeatedly and improperly interrupted his counsel's cross-examination of witnesses in violation of his constitutional right to a fair trial. Finally, in a *pro se* submission, Taylor also raises various arguments challenging his conviction. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I.       District Court's Evidentiary Rulings

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was 'manifestly erroneous.'" *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015) (quoting *United States v. Samet*, 466 F.3d 251, 254 (2d Cir. 2006)). Where we find an abuse of discretion, "vacatur is required unless we are 'convinced that the error was harmless beyond a reasonable doubt.'" *United States v. Mejia*, 545 F.3d 179, 199 (2d Cir. 2008) (quoting *United States v. Reifler*, 446 F.3d 65, 87 (2d Cir. 2006)).

In determining whether an erroneous admission was harmless, we consider: "(1) the overall strength of the prosecutor's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted testimony; and (4) whether such evidence was cumulative of other properly admitted evidence." *United States v. Gomez*, 617 F.3d 88, 95 (2d Cir. 2010) (quotation marks and citation omitted). And in determining whether a wrongful exclusion of evidence was harmless, we consider "'(1) the importance of . . . unrebutted assertions to the government's case; (2) whether the excluded material was cumulative; (3) the presence or absence of evidence corroborating or contradicting the government's case on the factual questions at issue; (4) the extent to which the defendant was otherwise permitted to advance the defense; and (5) the overall strength of the prosecution's case.'" *United States v. Gupta*, 747 F.3d 111, 133–34 (2d Cir. 2014) (quoting *United States v. Oluwanisola*, 605 F.3d 124, 134 (2d Cir. 2010)).

Finally, we review a decision to grant or deny a new trial pursuant to Federal Rule of Criminal Procedure 33 for abuse of discretion. *See United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019) (quoting *United States v. Robinson*, 430 F.3d 537, 542 (2d Cir. 2005)).

### A. Admission of the Confidential Informant's Metropolitan Detention Center ("MDC") Recording

Taylor argues on appeal that the District Court erred when it ruled that the statements in the MDC recording were admissible as statements against penal interest under Federal Rule of Evidence 804(b)(3) and that the statements did not implicate Taylor's constitutional rights under the Confrontation Clause because they were not testimonial. Taylor also argues that, at a minimum, the MDC recording should have been admitted in its entirety. Finally, Taylor contends that the District Court erred in denying his motion for a new trial based on newly discovered evidence. We address each argument in turn.

On review, we conclude that the District Court did not abuse its discretion in admitting the MDC recording pursuant to Rule 804(b)(3).[1] As a threshold matter, at the time the district court ruled on the recording's admissibility, the declarant, Timothy Pinkney, was unavailable to testify because he was a co-defendant in the same case. *See United States v. Stratton*, 779 F.2d 820, 828 (2d Cir. 1985) (stating that the declarant was indeed "unavailable" because he "was a defendant" and

---

[1] An unavailable declarant's statement is admissible where: "(A) a reasonable person in the declarant's position would have made [the statement] only if the person believed it to be true because, when made, it . . . had so great a tendency. . .to expose the declarant to civil or criminal liability; and (B) [the statement] is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability." Fed. R. Evid. 804(b)(3).

"could not be called by the Government as a witness").[2] Furthermore, Pinkney made various statements on the MDC recording that were against his own penal interest, including confessing to three homicides and that Taylor hired Pinkney to kill Taylor's former drug supplier. These self-incriminating statements "contain particularized guarantees of trustworthiness" because: (1) Pinkney inculpated himself as much (if not more) than Taylor in the murder; (2) Pinkney had no self-interested motive in confessing to the murder, other than perhaps to brag about his criminal past to increase his clout in prison; (3) Pinkney was not coerced in confessing to the murder; and (4) Pinkney was not attempting to curry favor with the Government when he confessed to his cellmate, who turned out to be a confidential informant. *See United States v. Saget*, 377 F.3d 223, 230 (2d Cir. 2004).

We also agree with the District Court's conclusion that Pinkney's statements were not testimonial and, thus, did not implicate Taylor's Confrontation Clause rights. *See Whorton v. Bockting*, 549 U.S. 406, 420 (2007) (stating that a defendant's right to confront the witnesses against him in a criminal prosecution does not apply to non-testimonial statements). Pinkney's statements in the MDC recording are not testimonial because he was not aware that he was speaking to a confidential informant or that his statements could be used at a trial. *See Saget*, 377 F.3d at 229 (stating that "a declarant's statements to a confidential informant, whose true status is unknown to the declarant, do not constitute testimony" for purposes of the Confrontation Clause.).

---

[2] A handwritten letter purportedly written by Pinkney in 2015 indicating that he would be willing to testify at a new trial does not undermine the District Court's ruling. That letter, which was written *after* Taylor's trial and Pinkney's own guilty plea and sentencing, does not change the fact that no contemporaneous evidence was presented to contravene the District Court's reasonable conclusion that Pinkney's status as a co-defendant rendered him unavailable to testify.

After the district court had ruled on the admissibility of the recording but before the trial began, Pinkney withdrew his plea of not guilty and entered a plea of guilty. Taylor did not renew his objection or challenge the unavailability of Pinkney as a witness under Rule 804(a)(1). Therefore, "we review the admission of this evidence for plain error." *United States v. Lyle*, 919 F.3d 716, 734 (2d Cir. 2019).

Pinkney maintained his Fifth Amendment right because his plea had not been accepted and he had not been sentenced. *See United States v. Jackson*, 335 F.3d 170, 177 n.1 (2d Cir. 2003). He was not required to appear in court and invoke that right to be unavailable for purposes of Rule 804(a)(1). *See, e.g.*, *United States v. Williams*, 927 F.2d 95, 99 (2d Cir. 1991). And we have upheld a district court's authority to determine unavailability based on facts known to it or representations made by counsel. *See Davis v. Velez*, 797 F.3d 192, 201–02 (2d Cir. 2015); *United States v. Bakhtiar*, 994 F.2d 970, 977 (2d Cir. 1993). The record here could support a finding that Pinkney was an unavailable witness based on his privilege not to testify. There is thus no error, much less "plain error." *See Lyle*, 919 F.3d at 734.

We also reject Taylor's argument that the District Court abused its discretion in admitting a redacted version of the MDC recording. The District Court carefully explained that certain redacted parts were irrelevant, prejudicial, or could cause confusion to the jury. Finally, we conclude that the District Court did not abuse its discretion in denying Taylor's Rule 33 motion for a new trial and, on review, affirm the order for substantially the reasons given by the District Court in its thorough September 9, 2016 Memorandum and Order. *See* Memorandum and Order, *United States v. Taylor*, 10-cr-268 (DLI) (S.D.N.Y. Sept. 9, 2016), ECF No. 343, *in* Special App'x 56–65.

### B. Exclusion of Evidence About the Terrance Barnett Shooting

Taylor also disputes the District Court's decision to preclude his counsel from eliciting evidence about the police investigation into the Terrance Barnett shooting and from presenting information about Barnett's criminal history. We find no error in the District Court's evidentiary ruling. Even assuming, for the sake of argument only, that the District Court erred in wrongfully excluding this evidence, any such error would have been harmless in light of: (1) the strength of the Government's case; (2) Pinkney's own confession and Tyler Briggs's corroborating testimony; (3) Taylor's undisputed right to call witnesses that participated in the police investigation to show that someone other than Pinkney had committed the murder; and (4) the minimal probative value of Barnett's criminal history. *See Gupta*, 747 F.3d at 133–34.

### C. Admission of Evidence of Taylor's Prior Arrests, Guilty Pleas, and Involvement in Two Non-Fatal Shootings

Taylor argues that the District Court improperly admitted certain evidence of Taylor's prior arrests, guilty pleas, and criminal acts under Federal Rule of Evidence 404(b). But the District Court did not admit that evidence under Rule 404(b). Rather, the evidence was admitted as direct proof of the charged narcotics conspiracy. Taylor fails to contest the relevance of this evidence in his briefs.

Instead, and in reply, Taylor argues that the evidence is unduly prejudicial and therefore inadmissible under Rule 403. We conclude that the District Court's analysis under Rule 403, which is entitled to considerable deference on appeal, *see United States v. Greer*, 631 F.3d 608, 614 (2d Cir. 2011) (citation omitted), was reasonable in light of the highly probative value of the challenged evidence and the fact that the evidence was no more inflammatory than the charged conduct, including Taylor's involvement in the Barnett murder. Therefore, the District Court did not abuse its discretion in admitting this evidence at trial.

### II. The District Court's Interruption of Taylor's Defense

Taylor contends that the District Court's repeated interruption of defense counsel's cross-examinations in front of the jury violated Taylor's constitutional right to a fair trial. It is well established that the District Court had "broad discretion over the scope [and conduct] of cross-

examination" and that we "will not overturn an exercise of that discretion absent a clear showing of abuse." *United States v. Bari*, 750 F.2d 1169, 1178 (2d Cir. 1984) (citations omitted). Specifically, we will not vacate a conviction and order a new trial absent a showing by the defendant that the judge's "behavior was so prejudicial that it denied" him a "fair, as distinguished from a perfect, trial." *United States v. Robinson*, 635 F.2d 981, 984 (2d Cir. 1980).

On review, we conclude that the District Court's interruptions to admonish defense counsel about the form of his questions did not deprive Taylor of his right to a fair trial. Even if we were to assume, for the sake of argument only, that the District Court's repeated admonitions were improper and unwarranted, the admonitions did not impress on the jury a belief of the defendant's guilt or a view about the credibility of the defendant or any of the witnesses. *Cf. United States v. Filani*, 74 F.3d 378, 385–86 (2d Cir. 1996) (involving extensive questioning of the defendant by the court to create the impression that the court disbelieves defendant's testimony). The District Court's admonitions, even if "curt and critical," did not suggest any "endorsement of any witness's testimony or reveal[ ] any bias against" Taylor. *United States v. Rosa*, 11 F.3d 315, 343 (2d Cir. 1993).

Moreover, we note that defense counsel was permitted to rephrase his questions and that the District Court instructed the jury not to draw any inferences from its rulings on objections or its colloquies with counsel. Accordingly, we conclude that, under the circumstances presented, the District Court's admonitions did not deprive Taylor of his right to a fair trial.

### III.     Taylor's *Pro Se* Challenge to His Conviction

In his *pro se* briefs, Taylor argues, among other things, that: (1) the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing statements in Pinkney's plea allocution that allegedly exonerated Taylor of Barnett's murder; (2) his trial counsel was ineffective in failing to call certain witnesses at trial; and (3) the third amended indictment was null and void.[3]

When reviewing an alleged *Brady* violation, we examine the record *de novo* to determine if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Fuentes v. T. Griffin*, 829 F.3d 233, 246 (2d Cir. 2016) (quotation marks and citation omitted). On *de novo* review, we conclude that the Government did not violate its *Brady* obligations. Pinkney's statement at the plea allocution that he had conspired "with other people" is not exculpatory of Taylor, *see* App'x at 263, and is hardly "material" given Pinkney's

---

[3] Taylor also reiterates his counsel's challenge to the admission of the MDC recording, which we already rejected above.

6

own statements in the MDC recording about Taylor's involvement in the murder, *United States v. Rowland*, 826 F.3d 100, 112 (2d Cir. 2016) (internal quotation marks and citation omitted).

Furthermore, we decline to consider Taylor's claim of ineffective assistance of counsel as the record on appeal is insufficient to adjudicate the claim. Rather, we adhere to our preference to hear such claims in the context of a motion brought under 28 U.S.C. § 2255, rather than on direct appeal. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Accordingly, Taylor is free to pursue his claim of ineffective assistance of counsel in a future § 2255 petition. Finally, we reject Taylor's argument regarding the third indictment as meritless because he was tried on the second superseding indictment.

## CONCLUSION

We have reviewed all of the arguments raised by Taylor on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 22, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7